UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NAKIA WOODSON,

    Plaintiff,

v.

BANK OF AMERICA,

    Defendant.

Case No. 2:10-CV-01359-KJD-GWF

**ORDER**

    Currently before the Court is Plaintiff Nakia Woodson's Motion to Amend (#13). Defendant Bank of America filed a Response in Opposition (#15). No Reply was filed. Additionally before the Court is Plaintiff's Motion for Judicial Notice (#14). Defendant Bank of America filed a Response in Opposition (#16). No Reply was filed.

**I. Motion to Amend**

    Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed R. Civ. P. 15(a)(2). Whether an amendment to a pleading should be permitted is ordinarily a matter within the discretion of the trial court. Caddy-Imler Creations, Inc. v. Caddy, 299 F.2d 79, 84 (9th Cir. 1962). District courts are directed to apply this rule with "extreme liberality." See, e.g., Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997). However, leave

1 to amend is not absolute. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990). Among
2 the factors mitigating against allowing parties to amend their pleadings are undue delay in litigation,
3 prejudice to the opposing party, and futility for lack of merit. Id. (citing Foman v. Davis, 371 U.S.
4 178, 182 (1962)). A showing of the factors overcomes the presumption in favor of granting leave to
5 amend. See Eminence Capital, LLC. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

6      Here, Defendant avers that the Court should not allow Plaintiff to amend her Complaint due
7 to futility. Specifically, Bank of America argues that Plaintiff's recission claim brought pursuant to
8 the Truth in Lending Act ("TILA") is precluded as a matter of law by TILA's applicable three-year
9 statute of repose. The Court however, finds that the allegations of the Complaint are not futile.

10      TILA provides a one-year statute of limitations period for claims for civil damages and a
11 three-year period for recission. See 15 U.S.C. § 1640(e); 1635(a) and (f). The statute of limitations
12 begins to run from the date of closing on the transaction. See King v. California, 784 F.2d 910, 915
13 (9th Cir.1986). However, under King, equitable tolling is available to stay the statute of limitations
14 if Plaintiff has been prevented from discovering any potential claims for fraud against Defendants.
15 See id. Here, Plaintiff's Proposed Complaint (#13 Ex. A), specifically seeks that the Court apply the
16 principle of equitable tolling to her TILA-based claims, and avers that Plaintiff sent Defendant a
17 Qualified Written Requests in regard to her loan documents that went unanswered.

18      Accordingly, the Court finds that Plaintiff's proposed Amended Complaint survives
19 Defendant's futility argument, and the Motion to Amend should be granted.[1]

20 **II. Motion for Judicial Notice**

21      Plaintiff additionally seeks that the Court grant judicial notice of a complaint filed by the
22 Nevada Attorney General in a separate case against Defendant Bank of America. (See #14).

---

[1] Additionally listed as pending before the Court is Defendant's Motion to Dismiss (#9). Because the Court grants Plaintiff's Motion to Amend here, the Motion to Dismiss, based upon Plaintiff's original Complaint, is denied as moot.

2

Pursuant to Fed. R. Evid. 201(a), a court may take judicial notice of "adjudicative facts." A judicially noticed fact "must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Here, the documents which Plaintiff wishes the Court to take judicial notice of are not capable of accurate and ready determination as required under the Federal Rule of Evidence. "Although the Court may take judicial notice of public records, the Court may not take judicial notice of a fact 'subject to reasonable dispute.'" <u>Klein v. Freedom Strategic Partners, LLC</u>, 595 F.Supp.2d 1152, 1157 (D. Nev. 2009) . "A court may not take judicial notice of hearsay allegations as being true merely because they are part of a court record or file." <u>In re Harmony Holdings, LLC</u>, 393 B.R. 409, 413 (Bkrtcy.D.S.C. 2008).

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Nakia Woodson's Motion to Amend (#13) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Bank of America's Motion to Dismiss (#9) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judicial Notice (#14) is **DENIED**.

DATED this 31st day of May 2011.

_____
Kent J. Dawson
United States District Judge

3