UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NAKIA WOODSON, | |
| Plaintiff, | Case No. 2:10-CV-01359-KJD-GWF |
| v. | **ORDER** |
| BANK OF AMERICA, N.A., | |
| Defendant. | |

Before the Court is Defendant Bank of America's Motion to Dismiss (#19). Plaintiff Nakia Woodson filed an opposition and Motion for Summary Judgment (#21). Defendant replied and opposed the Motion for Summary Judgment (#22).

I. Background

Plaintiff is the owner of a home located at 8725 W. Flamingo Road, #133 Las Vegas, Nevada (the "Property"). In August, 2000 and October, 2003 Plaintiff refinanced the purchase of this property by securing loans from Defendant Bank of America. Plaintiff also alleges that a deed to her property was held by a non-defendant named Reuel Williams. According to another lawsuit, Ruel

Williams was a tenant of the Plaintiff.  The allegations of the complaint are unclear, but apparently Williams obtained a deed to the Property in May, 2009.  Plaintiff was able to obtain a deed in her name in December 2010.  Plaintiff claims that she was evicted from and had no possession of the Property for almost two years.

In her Amended Complaint, Plaintiff seeks declaratory relief and rescission based on alleged violations of the Truth in Lending Act ("TILA"), seeks to quiet title to the Property, and alleges fraud.

II. Discussion

A.  Legal Standard for Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949–51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

Plaintiff is representing herself *pro se*.  Courts must liberally construe the pleadings of *pro se* parties.  See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990).  However, *pro se* litigants must supply a minimum factual basis for the claims they assert against defendants so that defendants are aware of the alleged wrongdoing. Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

2

B. Declaratory Relief

Plaintiff's claim for declaratory relief is essentially a claim for rescission based on 15 U.S.C. § 1601, *et. seq.*. Plaintiff seeks no other relief. (Amended. Compl. at 10.) Claims under the TILA must be filed within three years of the date of the transaction or sale. 15 U.S.C § 1635(f). "The 3-year period of § 1635(f) ... is not a statute of limitation that governs only the institution of suit; instead, it operates, with the lapse of time, to extinguish the right of rescission. The section's uncompromising statement that the borrower's right "shall expire" with the running of time manifests a congressional intent to extinguish completely the right of rescission at the end of the 3-year period." Beach v. Ocwen Federal Bank, 523 U.S. 410, 410, 118 S.Ct. 1408, 1409 (1998).

Plaintiff does not identify in the Amended Complaint which loan is at issue. The latter of the two loans was commenced in October, 2003. Any right to rescission expired in October, 2006. This action was filed in 2010. Accordingly, even if Plaintiff had properly stated a claim for TILA, it is time-barred.

C. Quiet Title

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. N.R.S. 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996). Specifically, when an adverse claim exists, the party seeking to have another party's right to property extinguished, must overcome the "presumption in favor of the record titleholder." Id. (citing Biasa v. Leavitt, 101 Nev. 86, 692 P.2d 1301, 1304 (Nev.1985). Courts of this District have held that an action for quiet title "should be dismissed where plaintiff's claim is not based on a cognizable legal theory." Manderville v. Litton Loan Servicing, 2011 WL 2149105, at *3 (D.Nev. May 31, 2011) (internal quotation marks omitted).

Here, Plaintiff acknowledges in her Amended Complaint that the Property is still encumbered by a mortgage and that the mortgage is past due. (See Amended Compl. at 10.) Plaintiff cannot quiet title without discharging debt owed on the Property  See Fuleihan v. Wells Fargo, 2010 WL

3724186 at *5 (D.Nev. 2010) (a borrower cannot quiet title to a property without discharging any debt owed). Accordingly, Plaintiff cannot quiet title in herself and this claim is dismissed.

### D. Fraud

Plaintiff's fraud claim is governed by Fed. R. Civ. P. 9(b). That rule states that a party asserting a claim for fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This heightened requirement may be met by making allegations "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993)). Such allegations must "state the time, place, and specific content of the [fraud] as well as the identities of the parties to the [fraud]." Schreiber Distrib. Co. v. Serve-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

The Amended Complaint does not give the minimum factual basis for the claims asserted. Plaintiff conclusorily states that Reuel Williams, who is not a party to this suit, illegally took possession of the Property. Plaintiff takes issue with communication from the Defendant that she was still required to pay her mortgage and was not entitled to a loan modification. Plaintiff does not identify any misrepresentations or omissions, when they were made, or how they were false. Plaintiff fails to properly state a claim for fraud under the standard of Fed. R. Civ. P 9(b). Accordingly, the fraud claim is dismissed.

### D. Summary Judgment

In response to Defendant's Motion to Dismiss, Plaintiff has moved for summary judgment. Plaintiff's motion fails to cite to the record or provide any supporting documents as required by Fed. R. Civ. P. 56. Because the claims in Plaintiff's Amended Complaint has been dismissed, the Motion for Summary Judgment is moot.

4

III. Conclusion

**IT IS HEREBY ORDERED** that Defendant Bank of America's Motion to Dismiss (#19) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Nakia Woodson's Motion for Summary Judgment (#21) is **DENIED** as moot.

DATED this 14th day of November 2011.

_____
Kent J. Dawson
United States District Judge

5